## No. 12,065.

### COLLINS v. FIRST INDUSTRIAL BANK.

Decided March 26, 1929.

Mr. THOMAS H. GIBSON, Mr. FRANK L. HAYS, for plaintiff in error.

Messrs. HODGES, WILSON & ROGERS, Mr. JAMES GRAFTON ROGERS, Mr. HENRY C. VIDAL, for defendant in error.

*Department Two.*

MR. JUSTICE BUTLER delivered the opinion of the court.

THE First Industrial Bank was assessed and taxed as a bank upon its shares of capital stock. It objected to the assessment, claiming that it should be assessed, not as a bank, but as an ordinary corporation; that is to say, upon its tangible assets. Its objection was overruled. It paid the tax under protest, and instituted this proceeding to recover what it paid in excess of the amount it claims

was justly due. The trial court held with the bank, and ordered the refund.

Section 206 of the Revenue Act (C. L., § 7451) provides that the president, cashier or principal accounting officer of "any banking association, state, national, or otherwise," shall list the shares of the association, giving the assessor the name of each person owning shares, and the amount owned by each; that such capital stock shall thereupon be assessed; that "each banking association shall be liable to pay the same as the agent of each of its shareholders"; and that if the officers shall fail to comply with the provisions of this section, "the association shall be liable to pay the tax upon all the said shares," and its property may be distrained for the payment thereof.

Prior to July 19, 1923, the predecessor of The First Industrial Bank was a corporation, organized under the general incorporation laws, with the power of lending money and carrying on an investment business. Its corporate name was "Denver Morris Plan Company." In 1923 the legislature passed an act entitled, "An Act Providing for the Organization and Operation of Industrial Banks, Providing for the Incorporation Thereof, Their Organization, Powers and Activities, Including the Terms of Their Loans, for the Conversion of Existing Domestic Corporations into Industrial Banks, and Declaring Certain Acts Repealed or Inapplicable." C. 66, p. 179, S. L. 1923. Thereafter the Morris Plan Company, acting pursuant to the provisions of this act, was converted into an industrial bank with the name "The First Industrial Bank." For the sake of brevity, we will refer to it as the bank.

The bank contends that it should not be taxed as a bank because it is not doing a banking business, the powers conferred by the Industrial Bank Act not being banking powers; in short, that the bank is not a bank.

The act provides for the incorporation of industrial banks, and provides that the words "Industrial Bank"

shall constitute a part of the corporate name. The act confers certain powers exercised by ordinary business corporations, and also the following special powers: The right to lend money primarily upon the security of the character and earning capacity of the borrower and the comakers or endorsers on the borrower's note; the right to require the borrower to make equal periodical deposits during the period of the loan; the right to lend money upon the security of personal chattels or other property, and to require installments or periodical deposits as additional security; the right to issue investment certificates, contracts or agreements, which may bear interest; and to require the payment to the bank of such amounts, from time to time, and permit the withdrawal or cancellation of amounts paid upon the same, in whole or in part, from time to time, "and the credit of amounts thereon upon such condition as may be set forth therein"; the right to include in any contract of borrowing or lending "any provision that the obligation of the person dealing with the bank may be canceled, in whole or in part, by the death of the principal borrower or any maker or endorser thereof as may be desired"; the right to lend money on any combination of any of the foregoing plans, "including the right to lend money upon the collateral deposit of and the compliance of the borrowers with the terms of any investment certificate, contract or agreement."

The act further provides that no industrial bank shall have power to carry commercial or demand banking accounts; or to lend money in excess of $5,000 to any one person or corporation primarily liable; or to accept trusts or act as guardian, administrator or judicial trustee in any form. "The organization of and requirements for the operations of industrial banks shall be those of ordinary general business corporations and they shall be governed by the law applicable to such *as set forth in* section 1 of chapter 30 of the Revised Statutes of 1908, as amended." That chapter has no section 1. The first section in the chapter is 845, being section 1 of the cor-

poration act of 1877. It is as follows: "No corporation, association or society, for any purpose authorized by this act, shall be formed under any other act." The Industrial Bank Act gives the state bank commissioner access to the books of industrial banks, and makes such banks subject to sections 62 to 84, inclusive, of chapter 44 Session Laws of 1913, relating to banks and bankers. Those sections have to do with the duties of the state bank commissioner. The Industrial Bank Act, supra, section 6, also provides that, "The provisions of 'An act to license and regulate the business of making loans' being chapter 159 of the Session Laws of 1919 shall not be applicable to industrial banks." That act regulates the business of lending money in small amounts.

The act in question creates a new kind of bank to supply an existing demand that other banks are not able adequately to meet. To accomplish the purpose, the new bank is given some powers that are possessed by other banks and some powers that are possessed by ordinary business corporations. It will not do to argue that because an industrial bank is different in some, or even many, respects from other banks it is not a bank. This would be disregarding the fact that from time to time, to meet new requirements of business, there have been created new banks with powers different in some respects from those possessed by banks previously existing; for example, banks of exchange, banks of deposit, banks of discount, banks of circulation, savings banks acting only as trustees for the depositors, savings banks that become the owners of the money deposited and mere debtors of the depositors, federal reserve banks, federal land banks, and joint stock land banks. And now we have industrial banks. It is probable that other banks will be created from time to time to meet the ever-increasing demands of business. Thus the industrial bank is merely one more milestone in the progress of the banking business.

The legislature has declared this new species of corporation to be a bank—an industrial bank. We see no rea-

son for rejecting the legislative classification. The defendant in error enjoys the prestige that comes from the use of the word "bank." Its customers, no doubt, would be surprised at the suggestion that the institution with which they are doing business, though named a bank, is not a bank at all, but something entirely different. We cannot assume that the legislature would authorize the creation of a corporation whose statutory name carries with it the assurance that the corporation is a bank and induces the public to repose confidence in it as such, when in fact and in law it is not a bank, and was not intended by the legislature to be a bank.

We conclude that The First Industrial Bank is a bank within the meaning of the revenue law. The legislature has not exempted industrial banks from the provisions of that law applicable to banking associations.

The judgment is reversed, and the cause is remanded with the direction to render judgment for the plaintiff in error, the defendant below.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE MOORE and MR. JUSTICE BURKE concur.